UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: RONALD BEECHER ESTATE LITIGATION                               MDL No. 2287

ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, Nicholas Popich, LRC Technologies, LLC (LRC), and Iron Mount Corporation have moved to centralize this litigation in the Eastern District of Louisiana. Their motion encompasses three actions, as listed on Schedule A. Maria McKee, in her capacity as personal representative of the estate of Ronald Beecher, opposes centralization.[1]

After considering all argument of counsel, we will deny the motion. Although these actions do share some factual issues concerning the rights of the estate of Ronald J. Beecher and others with respect to certain monies, a Louisiana limited liability company (LRC), and various personal property (including a Lincoln automobile, a painting, and a sterling dinnerware service), movants have failed to convince us that those issues are sufficiently complex to warrant centralization. Furthermore, the two Eastern District of Louisiana actions have been consolidated, meaning that, as a practical matter, there are only two actions at issue. *See In re Transocean Ltd. Secs. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization."). Movants are represented by the same attorney in these actions, and, similarly, a single law firm represents McKee. In these circumstances, informal cooperation among the involved attorneys is both practicable and preferable. *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2011) (denying centralization of four actions in which plaintiffs in three actions shared counsel and, in all actions, the common defendant was represented by the same law firm, concluding that "alternatives to formal centralization, such as voluntary cooperation among the few involved counsel and courts, appear[ed] viable").

---

[*]   Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.

[1]   McKee, in that capacity, is a defendant in the consolidated Eastern District of Louisiana actions and the sole plaintiff in the Northern District of Alabama action.

- 2 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

                                  PANEL ON MULTIDISTRICT LITIGATION

                                  _____
                                      John G. Heyburn II
                                         Chairman

| Kathryn H. Vratil | Frank C. Damrell, Jr. |
| Barbara S. Jones | Paul G. Barbadoro |
| Marjorie O. Rendell | |

**IN RE: RONALD BEECHER ESTATE LITIGATION**　　　　MDL No. 2287

## SCHEDULE A

<u>Northern District of Alabama</u>

Maria McKee v. Nicholas Popich, et al., C.A. No. 2:11-02680

<u>Eastern District of Louisiana</u>

LRC Technologies, LLC v. Maria McKee, C.A. No. 2:11-01011
Nicholas Popich v. Ronald Beecher, C.A. No. 2:11-01420